IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SOPRAMCO CV9, CFL, LLC

Plaintiff

vs                                                          CIVIL 10-1942CCC

CARLOS MARTINEZ-VAZQUEZ, his wife
NADIA MICHELLE MARRERO-RAMOS
and their conjugal partnership;
MARIA RAMOS-RIVERA

Defendants

### DEFAULT JUDGMENT

Upon plaintiff's Motion Requesting Default Judgment (**docket entry 15**), default
having been entered against defendants on March 23, 2011 (see docket entry 14), IT IS
ORDERED AND ADJUDGED that Default Judgment be and is hereby entered as follows:

On September 28, 2010 Sopramco filed the instant complaint against Carlos
Martínez-Vázquez, his wife Nadia Michelle Marrero-Ramos, their conjugal partnership and
María Ramos-Rivera for their non-compliance with the terms and conditions of a loan and
mortgage deed in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS
($150,000.00) executed on November 30, 2005.

Defendants Carlos Martínez-Vázquez, his wife Nadia Michelle Marrero-Ramos, their
conjugal partnership and María Ramos-Rivera failed to defend against Sopramco's claims
in the instant case. Therefore, default was entered against them. The detailed sufficiency
of the complaint, the undisputable nature of the facts of this collection action, and the
affidavit attached to the Motion Requesting Default Judgment make Default Judgment the
appropriate remedy.

As alleged in the complaint, on November 20, 2005 defendants Carlos Martínez-
Vázquez, his wife Nadia Michelle Marrero-Ramos, their conjugal partnership, and María
Ramos-Rivera obtained a loan from R & G Mortgage Corporation and executed a Mortgage

CIVIL 10-1942CCC                          2

Note in the amount of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00), repayable at an interest rate of 6.50% per year.

As guarantee of the repayment obligation evidenced by the Mortgage Note, codefendants Carlos Martínez-Vázquez, his wife Nadia Michelle Marrero-Ramos, their conjugal partnership also executed Mortgage Deed Number 70 before Notary Public Rolando Quevedo-Motta, encumbering Property No. 20,844 ("Barrio Mucarabones in Toa Alta, Puerto Rico,") recorded in the Puerto Rico Property Registry, Third Section of Bayamón, Volume 477 at page 71, in the amount of $150,000.00, which property is owned by codefendants Carlos Martínez-Vázquez, his wife Nadia Michelle Marrero-Ramos and their conjugal partnership.

The Mortgage Deed executed by codefendants Carlos Martínez-Vázquez, his wife Nadia Michelle Marrero-Ramos and their conjugal partnership is recorded at the Registry of Property of Puerto Rico, in the aforementioned Section, Registry Book and page, under the property which description in the Spanish language is:

"URBANA: Solar radicado en la Urbanización Jardines de la Fuente, Sección 'Jardines del Escorial' localizada en el Barrio Mucarabones del término municipal de Toa Alta, Puerto Rico, que se describe en el plano de inscripción de la urbanización con el número, área y colindancias que se relacionan a continuación: Solar número nueve del bloque N (N-9), con un área de setecientos un metros cuadrados con noventa y ocho milésimas de otro (701.098 m.c.)  En lindes por el NORTE en una distancia de veinticuatro metros (24.00m), con calle número veinte (20) y el solar número ocho A (8-A) del bloque 'N;' por el SUR, en una distancia de veintisiete metros (27.00 m.) con los solares números nueve (9) y diez (10) del bloque 'O;' por el ESTE, en una distancia de veintiún metros con ochocientos noventa y tres milésimas de otro (21.893m.), con el solar número diez (10) del bloque 'N' y por el OESTE, en una distancia de treinta y tres metros con trescientos treinta milésimas de otro (33.330m.), con área verde y área de uso público.  Contiene una casa de concreto para fines residenciales."

Sopramco is the owner and holder of the Mortgage Note of $150,000.00.  The entity Pramco CV9, LLC purchased Loan No. 107110068 from R & G Mortgage Corporation on September 28, 2007, and on June 30, 2009, transferred and assigned it to Sopramco.

CIVIL 10-1942CCC                    3

Defendants Carlos Martínez-Vázquez, his wife Nadia Michelle Marrero-Ramos, their conjugal partnership, and María Ramos-Rivera defaulted on their repayment obligations to Sopramco and, for said reason Sopramco accelerated the debt and declared due the obligation under the mortgage note.

As of March 31, 2011 they owed Sopramco the principal amount of $142,026.82, interests in the amount of $10,002.28, which continue to accrue by the fluctuating rate on a daily basis in the amount of $25.64, $568.92 in late charges, property preservation in the amount of $175.00 and $15,000.00 in contractually agreed-upon attorney's fees and legal costs, for a total amount of $167,773.02 as of March 31, 2011.

This Court has jurisdiction to entertain the claims pleaded herein under 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interests and costs and, for diversity purposes.  Plaintiff is a citizen of New York City, State of New York and defendants are citizens of the Commonwealth of Puerto Rico.

Furthermore, plaintiff Sopramco is a legal entity organized under the laws of the State of Delaware and exits under the laws of the State of New York, having its principal office in New York City, New York.

Venue is proper in this District pursuant to 28 U.S.C. §1391(a), (b), and ( c) since all operative facts alleged herein were committed within the Commonwealth of Puerto Rico.

Defendants Carlos Martínez-Vázquez, his wife Nadia Michelle Marrero-Ramos, their conjugal partnership and María Ramos-Rivera are indebted to Sopramco for the loan granted on November 30, 2005, which is past due and payable.  Defendants breached their repayment obligations with Sopramco.  Under Article 1044 of the Civil Code of Puerto Rico, 31 L.P.R.A., §2994, "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."  Moreover, "[t]he validity and fulfillment of contracts cannot be left to the will of one of the contracting parties."  31 L.P.R.A., §3373, Article 1208 of the Civil Code of Puerto Rico.

CIVIL 10-1942CCC                                4

Once the Judgment is entered and if the same is not satisfied, it is hereby ORDERED that the property encumbered by the first mortgage held by Sopramco and described above shall be sold at public auction and the money due to Sopramco shall be paid from the proceeds of the sale, free and clear of any liens that said property may have.

The United States Marshal for this District shall make the sale herein-above mentioned in accordance with 28 U.S.C. §2001 and §2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks.  The amount of $150,000.00 shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The United States Marshal for this District shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the confirmation of this Court.  Upon confirmation the United States Marshal for this District will execute the corresponding deed of judicial sale to the purchaser and he/she shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant(s) of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

Subsequent to the payment of costs and disbursement of contractually agreed upon attorney's fees, it is hereby authorized that the proceeds of the sale be paid to plaintiff in satisfaction of this Default Judgment and, if there is any residual, the same will be deposited with the Clerk of Court to satisfy any subsequent lien and/or to be disbursed pursuant to further order of this Court.

CIVIL 10-1942CCC                              5

In the event that the proceeds from the sale are not sufficient amounts owing to the plaintiff, the plaintiff shall be entitled to a deficiency judgment against the defendants and shall be entitled to execution therefore.

The Property Registrar of the corresponding property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser(s), free of any liens subsequent to the date of the execution of the foreclosed mortgage.

SO ORDERED AND ADJUDGED.

At San Juan, Puerto Rico, on April 29, 2011.

S/CARMEN CONSUELO CEREZO
United States District Judge